LEMMON, Judge.
This matter is before us on a motion to vacate and recall our judgment in this case (reported at 354 So.2d 572, cert. den. 356 So.2d 436) and to assign the case for rear-gument before a panel of five judges in accordance with La.Const.1974, Art. 5, § 8(B).[1]
*751 The appeal was originally submitted to a three-judge panel, which rendered a unanimous decision reversing the judgment of the trial court. Mr. Sarpy then applied to this court for a rehearing, and the application was denied, with one judge voting to grant the rehearing.
In this motion presently before us Mr. Sarpy argues that a five-judge panel must be convoked any time one judge of a three-judge panel dissents from the reversal of a judgment of the trial court, even if the dissent comes after rendition of the original judgment on appeal.
The purpose of Section 8(B) is to require reconsideration by a larger panel “prior to rendition of judgment” whenever the original panel proposes to reverse or modify the trial court judgment, unless the original panel votes unanimously to do so. The issue presented by this motion is whether the unanimity must continue after rendition of the judgment of reversal, until the judgment of this court becomes definitive.
Section 8(B) contemplates applicability to the judgment of the appellate court which actually reverses the trial court judgment. Once the judgment is rendered reversing the trial court judgment, Section 8(B) does not require unanimity of the appellate court on an application to reconsider the unanimous judgment of reversal.[2]
The motion is denied.

MOTION DENIED.

GULOTTA, J., dissents and assigns reasons.

. La.Const.1974, Art. 5, § 8(B) provides:
“A majority of the judges sitting in a case must concur to render judgment. However, when a judgment of a district court is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority must concur to render judgment.”

. If a rehearing were granted, thus vacating the appellate court judgment, then the provisions of Section 8(B) would arguably apply to require a unanimous decision finally reversing the trial court.