358 So.2d 993 (1978)
Inez A. FUNDERBURK et al.
v.
MONTGOMERY ELEVATOR COMPANY et al.
No. 11878.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
Rehearing Denied May 1, 1978.
Writ Granted June 9, 1978.
*994 Daniel R. Atkinson, Baton Rouge, of counsel for plaintiff-appellee Inez A. Funderburk, et al.
Ben W. Lightfoot, Baton Rouge, of counsel for defendant-appellant Montgomery Elevator Co. et al.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
The Montgomery Elevator Company and Employers Commercial Union Insurance Company are appealing a judgment in favor of Inez A. Funderburk and Aetna Casualty and Surety Company arising out of a tort action. Mrs. Funderburk and Aetna are answering the appeal, asking for an increase in the judgment.
On October 2, 1972, Mrs. Funderburk fell when she entered an elevator which had stopped some twelve inches below the level of the floor. She was employed by the State of Louisiana in the Department of Employment Security and the building where she worked was owned by the State. The State had a service contract for the elevators in the building with Montgomery Elevator Company. Mrs. Funderburk claimed that as a result of her fall she suffered severe injuries causing her to have a cervical disc operation and a total hip replacement.
Plaintiffs' ingenious counsel advanced several theories upon which recovery could have been based and finally convinced the trial judge that the elevator failed to level at the floor where Mrs. Funderburk fell due to improper maintenance. The trial judge also found that Mrs. Funderburk was contributorily *995 negligent but granted a new trial as to this finding, stating that since the trial he had made a point to observe numerous persons using automatic elevators and that almost without exception, they walked onto the elevators without looking and assumed that the elevators were level with the floor. The trial judge then awarded plaintiff's workmen's compensation carrier, Aetna, $20,034.25 and awarded Mrs. Funderburk $ 190,649.66 in general and special damages.
Defendants contend that the trial court erred in (1) finding that representatives of the elevator company were negligent and that their negligence was the proximate cause of any injury suffered by Mrs. Funderburk; (2) overturning its original verdict that Mrs. Funderburk was guilty of contributory negligence; (3) considering observations, conditions or situations which were not adduced in evidence at the trial of the case; and (4) setting the amount of the award to Mrs. Funderburk.
In answering the appeal, Mrs. Funderburk has alleged that the trial court erred in (1) awarding inadequate general damages (asking an increase from $125,000 to $200,000); (2) awarding $63,775.35 in lost wages (asking that it be increased to $73,833.51); and (3) overlooking an award for future medical expenses (asking that an award of $7,500 be made).
We believe we can dispose of all of the assignments of error of both parties by directing our attention to defendants' first assignment which is the threshold question of whether vel non the representatives of the elevator company were negligent.
It was established at the trial that the elevator in which Mrs. Funderburk sustained her fall was under a service contract whereby Montgomery Elevator Company was to maintain it and that the elevator had stopped about twelve inches short of the floor before Mrs. Funderburk entered it. Mrs. Funderburk contends that the negligence of the elevator company personnel in maintaining the elevator caused it to fail to "level," resulting in her fall and injuries.
In attempting to prove negligence in the manner in which the elevator was maintained, Mrs. Funderburk tried to show that Anthony Nelson James, the elevator company mechanic who serviced the elevator, was inadequately trained and supervised by his employer. However, it was shown at trial that James had qualified for his mechanic rating by successfully completing his union's examination, had several years of experience in the elevator maintenance field and was under the office supervision of personnel in the elevator company's Baton Rouge office.
Mrs. Funderburk further attempted to prove the negligence of the elevator company in not replacing a solenoid before it failed, but Henry J. Holuba, an expert witness called by the defendants, testified that this would not be done absent some suggestion of abnormality. There is absolutely no evidence that the defective solenoid could have been discovered by sight or smell unless at the time of inspection the coil was overheating or burning, for otherwise the back-up system would have caused the elevator to level. When the fact of the elevator's failure to level was finally discovered by the mechanic, he replaced the solenoid, and the problem was immediately corrected.
Mrs. Funderburk also attempted to prove that the elevator company was negligent because it did not make proper periodic testing, but our review of the record convinces us that the elevator company personnel made sufficient calls to the elevator machinery room and reasonably inspected it with adequate frequency so as to exculpate the elevator company of any negligence in this area. Particularly, do we reject the suggestion that any defects causing the elevator to fail to level could have been detected by visual or olfactory testing; and there was no proof that the elevator maintenance mechanic failed to follow the weekly, semi-monthly and monthly schedule of the Montgomery contractual service chart (Plaintiffs' Exhibit No. 16).
*996 Mrs. Funderburk attempted to prove the elevator company was negligent in failing to adequately maintain the back-up safety system, but there was nothing in the record to show that the elevator company maintenance mechanic should have had cause to perform any maintenance on the back-up system prior to the incident of October 2, 1972. Neither the expert witness of the defendants nor that of the plaintiffs seems to have any adequate explanation as to why the back-up system failed other than the broad possibilities of low voltage, dirt or a blister on the metal contact.
Mrs. Funderburk attempted to prove the negligence of the elevator company by suggesting that certain elevator parts had a predictable life expectancy which the elevator company should have known and applied in order to replace crucial parts prior to their malfunction, but this point was never successfully established, inasmuch as Mrs. Funderburk's own expert witness testified that the controversial solenoid could fail even if it were brand new.
In conclusion, we find that whether during the course of the; trial the burden shifted to the defendants requiring them to exonerate themselves from negligence as a result of the failure of the elevator to level or whether the burden was entirely on plaintiff to prove by a preponderance of the evidence that negligence was the cause of such failure, the result would be the same because there was no showing that improper maintenance caused the failure of the elevator to level.
For these reasons, the judgment of the trial court is reversed and set aside, and there is judgment in favor of defendants, dismissing the suit of plaintiffs, Inez A. Funderburk and Aetna Casualty and Surety Company, at their costs.
REVERSED AND RENDERED.
PER CURIAM.
The Court rendered a unanimous judgment in this case, and a motion for a rehearing was denied by a majority of the judges sitting in the case. The re-argument of a case before a panel of at least five judges is to be held ". . . prior to [the] rendition of judgment." Article 5, § 8(B) of the Louisiana Constitution of 1974. The Uniform Rules, Courts of Appeal, make no provision for re-argument before a five-judge panel when one judge dissents in denying an application for rehearing.
MOTION DENIED.