REDMANN, Chief Judge.
On our own motion to revoke our earlier order referring this case to a five-judge panel, the question is: After granting rehearing of a unanimous reversal of a district court judgment, must a now non-unanimous three-judge panel refer the case to a five-judge panel, or may it itself reinstate the earlier reversal? We answer that the panel may itself reinstate the earlier reversal. We therefore recall the five-judge order.
La. Const, art. 5 § 8(B) requires a five-judge panel in civil matters “when a judgment of a district court is to be modified or reversed and one judge dissents....” The judgment of the district court in this case was in part reversed by the original three-judge panel of this court without dissent.
That panel thereafter recalled that decree, however, “pending the issuance of a clarified opinion.” We reason that such a recall is the equivalent of a grant of rehearing, and the panel’s proposed “clarified opinion” equal to an opinion on rehearing reinstating its former decree, as to which the panel is no longer unanimous.
A three-judge panel may non-unanimously refuse rehearing of its unanimous reversal of a district court; Funderburk v. Montgomery Elevator Co., 358 So.2d 993 (La.App. 1 Cir.1978); Sarpy v. Sarpy, 359 So.2d 750 (La.App. 4 Cir.1978), cert. denied 350 So.2d 671. We now hold that a three-judge panel, on rehearing after a unanimous reversal, may non-unanimously reinstate such a reversal.
Sarpy, id. at 751, n. 2, obiter suggests that the five-judge requirement “would arguably apply” on rehearing. It theorizes that a grant of rehearing “vacates” the original judgment, so that the judgment on rehearing would be the judgment that would affirm or reverse the trial court judgment.
That obiter dictum is rejected in our context.
“At common law an order granting a rehearing operates to reverse or vacate and set aside the original decision of the appellate court [Query: Would Louisiana therefore require a five-judge panel for a non-unanimous grant of rehearing of an appellate decision that affirmed the trial court?], and it has been generally held that the granting of a rehearing withdraws an opinion previously rendered and destroys its force and effect unless it is subsequently adopted by the same tribunal. This rule, however, has often been rejected or modified by cases holding that, unless the order granting the rehearing itself indicates otherwise, it does not operate to set aside the former judgment, or vacate the entry thereof, and the same stands until set aside, reversed, or modified, by subsequent order or judgment on the rehearing; that the original judgment is merely suspended by the order of rehearing; or that the judgment as to which only a restricted rehearing is granted continues to stand and to be decisive of the issues not em *933 braced in the order of rehearing.” 5 C.J.S. Appeal and Error § 1446 (bracketed matter supplied).
The “vacation” theory does not accomplish the purpose of La. Const, art. 5 § 8(B) except in the case in which the original judgment affirmed the district court and the judgment on rehearing would for the first time reverse — and in that case no “vacation” theory is necessary to hold that only the decree on rehearing is a judgment that reverses the district court judgment. The vacation theory offers no advantage in the case in which the original judgment unanimously reversed and the judgment on rehearing merely reinstates that reversal— because there all that has happened, just as in the case of a non-unanimous refusal of rehearing, is that one appellate judge has had a change of position. The only theory that is necessary for purposes of La. Const, art 5 § 8(B) is the simple and noncontroversial theory that the grant of a rehearing after an appellate court judgment, like the taking of an appeal from a trial court judgment, merely prevents the earlier judgment from becoming definitive (La.C.C.P.1842).
We would therefore theorize only that the district court judgment was reversed by our original decree, that that reversal has been prevented from becoming definitive by the grant of rehearing, and that a non-unanimous reinstatement of that judgment of reversal is of itself no more a judgment of reversal requiring a five-judge panel than is a non-unanimous refusal of rehearing.
(It may be added that Sarpy’s footnote does not address the constitutional requirement of convoking the five-judge panel “prior to rendition of judgment.” By the time a rehearing is granted, “rendition of judgment” by the court of appeal has already occurred, and a second “rendition of judgment” by that court can, at best, occur only if on rehearing the court of appeal renders a different judgment from that it first rendered.)
Our motion to revoke the order convoking a five-judge panel in this case is therefore granted (as in Barriffe v. Ortiz, 473 So.2d 89 (La.1985) [September, No. 85-OC-1201[1]], and the matter is resubmitted to the original three-judge panel for decision.

. Bracketed matter is provided to avoid confusion with earlier matters by the same name, and is not designated for publication.